1
2
3
4

Darin T. Beffa (SBN 248768)
darin@baileyduquette.com
BAILEY DUQUETTE P.C.
104 Charlton Street, 1-W
New York, NY 10014
Telephone: 212-658-1946
Facsimile:  866-233-5869

5
6
7

Counsel for Defendants and
Counterclaimants The Coy Collective,
Inc., Jessica Bartlett, Corey Lewis,
Robert Hankins, and Thomas Drew

8
9

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14

MCCANDLESS GROUP, LLC,

            Plaintiff,

    v.

THE COY COLLECTIVE, INC., et al.,

            Defendants.

Case No. 2:21-cv-02069 DOC (KESx)

**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

15
16

AND RELATED COUNTERCLAIMS

17
18
19
20
21
22
23
24
25
26
27
28

Defendants The Coy Collective, Inc., Jessica Bartlett, Corey Lewis, Robert Hankins, and Thomas Drew answer Plaintiff McCandless Group, LLC's Third Amended Complaint ("Complaint") in the above-captioned action as follows:

## Answer

1.     Defendants admit that Defendants The Coy Collective, Inc. ("COY") and Defendant Jessica Bartlett ("Bartlett") entered into business contracts with Plaintiff McCandless Group, LLC ("MG"), and that Bartlett, Defendant Corey Lewis ("Lewis"), Defendant Robert Hankins ("Hankins"), and Defendant Thomas Drew ("Drew") entered into Mutual Confidentiality Agreements with MG.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

2.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained in this paragraph.

3.     Defendants admit that COY is a corporation organized under the laws of Delaware.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

4.     Defendants admit that Bartlett is an individual, and that Bartlett is a resident of the State of California.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

5.     Defendants admit that Lewis is an individual.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

6.     Defendants admit that Hankins is an individual and that Hankins is a resident of the state of California.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

7.     Defendants admit that Drew is an individual and that Drew is a resident of the state of New York.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained in this paragraph.

9. Defendants admit that this Court has subject matter jurisdiction over this action as a federal question under 28 U.S.C. § 1331, and that this Court has jurisdiction over the state law claims under 28 U.S.C. § 1367. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

10. Defendants admit that this Court has personal jurisdiction over Bartlett. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

11. Defendants admit that this Court has personal jurisdiction over COY. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

12. Defendants admit that this Court has personal jurisdiction over Lewis, and that Lewis is a part owner of COY. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

13. Defendants admit that this Court has personal jurisdiction over Hankins. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

14. Defendants admit that this Court has personal jurisdiction over Drew, and that Drew is a part owner of COY. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

15. Defendants admit that venue in this judicial district is proper. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained in this paragraph.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained in this paragraph.

18.     Defendants deny each and every allegation contained in this paragraph.

19.     Defendants deny each and every allegation contained in this paragraph.

20.     Defendants deny each and every allegation contained in this paragraph.

21.     Defendants deny each and every allegation contained in this paragraph.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained in this paragraph.

23.     Defendants deny each and every allegation contained in this paragraph.

24.     Admitted.

25.     Admitted.

26.     Defendants admit that Bartlett sent at least one text message to Nick McCandless ("McCandless") on or about May 6, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

27.     Defendants deny each and every allegation contained in this paragraph.

28.     Defendants deny each and every allegation contained in this paragraph.

29.     Defendants admit that MG felt committing to a flat rate would be difficult.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

30.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

31.     Defendants deny each and every allegation contained in this paragraph.

32.     Defendants deny each and every allegation contained in this paragraph.

33.     Defendants deny each and every allegation contained in this paragraph.

34.     Defendants deny each and every allegation contained in this paragraph.

35.     Defendants deny each and every allegation contained in this paragraph.

36.     Defendants deny each and every allegation contained in this paragraph.

37.     Defendants admit that Bartlett, Lewis, Hankins, and Drew entered into Mutual Confidentiality Agreements with MG.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

38.     Defendants admit that Bartlett entered into a Mutual Confidentiality Agreement with MG on or about May 21, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

39.     Defendants admit that Lewis, Hankins, and Drew entered into Mutual Confidentiality Agreements with MG on or about May 21, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

40.     Defendants deny each and every allegation contained in this paragraph.

41.     Defendants deny each and every allegation contained in this paragraph.

42.     Defendants deny each and every allegation contained in this paragraph.

43.     Defendants deny each and every allegation contained in this paragraph.

44.     Defendants deny each and every allegation contained in this paragraph.

45.     Defendants deny each and every allegation contained in this paragraph.

46.     Defendants admit that Bartlett and McCandless exchanged text messages on or about, inter alia, April 2, 2020, April 18, 2020, and September 7, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

47.     Defendants admit that McCandless sent Exhibit H to Lewis on or about May 23, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

48.     Defendants deny each and every allegation contained in this paragraph.

49.     Defendants deny each and every allegation contained in this paragraph.

50.     Defendants deny each and every allegation contained in this paragraph.

51.     Defendants deny each and every allegation contained in this paragraph.

52.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained in this paragraph.

53.     Defendants admit that Bartlett and McCandless exchanged text messages on or about May 25, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

54.     Defendants admit that Lewis and McCandless exchanged text messages on or about, inter alia, May 26, 2020, May 27, 2020, and May 28, 2020. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

55.     Defendants admit that Lewis and McCandless exchanged text messages on or about June 23, 2020, and that Lewis indicated he was interested in hiring an accountant.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

56.     Defendants admit that Lewis and McCandless exchanged text messages on or about, inter alia, June 4, 2020, June 5, 2020, June 9, 2020, June 12, 2020, June 15, 2002, and June 16, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

57.     Defendants deny each and every allegation contained in this paragraph.

58.     Defendants admit that MG publicly discloses that it uses CCBill as its payment processor, and that Defendants are aware of this public fact.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

59.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation contained in this paragraph.

60.     Defendants deny each and every allegation contained in this paragraph.

61.     Defendants deny each and every allegation contained in this paragraph.

62.     Defendants deny each and every allegation contained in this paragraph.

63.     Defendants deny each and every allegation contained in this paragraph.

64.     Defendants deny each and every allegation contained in this paragraph.

65.     Defendants deny each and every allegation contained in this paragraph.

66.     Defendants admit that COY was formed as a Delaware corporation. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

67.     Defendants admit that COY and MG entered into Exhibit N, and that Bartlett signed the Exhibit N on behalf of COY on or about August 6, 2020. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

68.     Defendants admit that MG initially partially complied with the COY-MG Website Development Agreement.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

69.     Defendants admit that, in or about August or September 2020, Bartlett asked MG to allow COY to handle, inter alia, some of the financial aspects Bartlett's and Cristina Dospassos's websites, and that MG accommodated that request.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

70.     Defendants deny each and every allegation contained in this paragraph.

71.     Defendants deny each and every allegation contained in this paragraph.

72.     Defendants deny each and every allegation contained in this paragraph.

73.     Defendants admit that Exhibit O is a magazine article published on or about November 2, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

74.     Defendants deny each and every allegation contained in this paragraph.

75.     Defendants admit that MG attempted to change the terms of the COY-MG Website Development Agreement.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

76.     Defendants admit that, when faced with MG's ultimatum, COY decided to accept MG's proposal to terminate the COY-MG Website Development Agreement.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

77.     Defendants admit that MG sent Exhibit U to Bartlett on or about November 16, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

78.     Defendants admit that Bailey Duquette P.C. sent Exhibit P to MG on or about November 19, 2020, and that there was a request for mediation.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

79.     Defendants deny each and every allegation contained in this paragraph.

80.     Defendants admit that MG, through its counsel, sent Exhibit Q to Bailey Duquette P.C. on or about December 2, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

81.     Defendants admit that MG, through its counsel, sent Exhibit R to Bartlett on or about January 5, 2021, and that Bailey Duquette sent Exhibit S to

MG's counsel on or about February 2, 2021.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

82.   Defendants deny each and every allegation contained in this paragraph.

83.   Defendants deny each and every allegation contained in this paragraph.

84.   Defendants deny each and every allegation contained in this paragraph.

85.   Defendants deny each and every allegation contained in this paragraph.

86.   Defendants deny each and every allegation contained in this paragraph.

87.   Defendants admit that Bartlett posted Exhibit T on her Instagram account.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

88.   Defendants deny each and every allegation contained in this paragraph.

89.   Defendants deny each and every allegation contained in this paragraph.

90.   Defendants deny each and every allegation contained in this paragraph.

91.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

92.   Defendants deny each and every allegation contained in this paragraph.

93.   Defendants deny each and every allegation contained in this paragraph.

94.     Defendants deny each and every allegation contained in this paragraph.

95.     Defendants deny each and every allegation contained in this paragraph.

96.     Defendants deny each and every allegation contained in this paragraph.

97.     Defendants deny each and every allegation contained in this paragraph.

98.     Defendants deny each and every allegation contained in this paragraph.

99.     Defendants deny each and every allegation contained in this paragraph.

100.    Defendants deny each and every allegation contained in this paragraph.

101.    Defendants deny each and every allegation contained in this paragraph.

102.    Defendants deny each and every allegation contained in this paragraph.

103.    Defendants deny each and every allegation contained in this paragraph.

104.    Defendants deny each and every allegation contained in this paragraph.

105.    Defendants deny each and every allegation contained in this paragraph.

106.    Defendants deny each and every allegation contained in this paragraph.

107.    Defendants deny each and every allegation contained in this paragraph.

108.   Defendants deny each and every allegation contained in this paragraph.

109.   Defendants deny each and every allegation contained in this paragraph.

110.   Defendants deny each and every allegation contained in this paragraph.

111.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

112.   Defendants admit that Bartlett, Lewis, Hankins, and Drew entered into Mutual Confidentiality Agreements with MG on or about May 21, 2022.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

113.   Defendants admit that the Mutual Confidentiality Agreements state, "For purposes of this Agreement, the term 'Confidential Information' shall mean information, directly or indirectly relating to the Disclosing Party or its affiliates, shareholders, officers, directors or employees and obtained by the Receiving Party in connection with its evaluation of the Proposed Transaction prior to or after the date of this Agreement, (including information conceived or originated, discovered or developed by the Receiving Party by reference to such information or containing such information), and whether orally, in documents, through and by observation or otherwise, together with all summaries, compilations, analyses, and reports created by the Receiving Party from such information or that contains such information. Without limiting the intended generality of the foregoing, Confidential Information shall include the Disclosing Party's existing or contemplated business, processes and services, techniques, components, sales, markets, costs, profits, research, development, inventions, purchasing, staff, employees, compensation, contractors, suppliers, customers, prospects, marketing, pricing policies, financial information, engineering and all other data. Confidential

Information also includes, but is not limited to, all proposals and all information and data furnished by or on behalf of the Disclosing Party or any of its Representatives (as defined below)."  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

114.   Defendants admit that the Mutual Confidentiality Agreements state, "Subject to the immediately succeeding paragraph, unless otherwise agreed to in writing by the Disclosing Party, the Receiving Party agrees: (a) to keep all Confidential Information confidential and not to directly or indirectly disclose, disseminate, or reveal, and to use its best efforts to prevent the use, dissemination, disclosure, or revelation of, any Confidential Information to any person other than those of its Representatives who are actively and directly participating in the evaluation and negotiation of the Proposed Transaction or who otherwise need to know such Confidential Information for the purpose of the Proposed Transaction and to cause those persons to observe the terms of this Agreement; (b) not to directly or indirectly use Confidential Information for any purpose other than in connection with the evaluation and negotiation of the Proposed Transaction; and (c) not to disclose to any person (other than those of its Representatives who are actively and directly participating in the evaluation and negotiation of the Proposed Transaction or who otherwise need to know such Confidential Information for the purpose of the Proposed Transaction and, in the case of its Representatives, each of whom the Receiving Party will cause to observe the terms of this Agreement as if he or she had been a party hereto) any information about the Proposed Transaction, or the terms or conditions thereof or any facts or circumstances relating thereto or the status thereof, including, without limitation, the fact that Confidential Information has been or will be made available to the Receiving Party or its Representatives or that discussions are taking place with respect to the Proposed Transaction. The Receiving Party will be responsible for any breach of the terms of

this Agreement by it or its Representatives." Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

115.   Defendants deny each and every allegation contained in this paragraph.

116.   Defendants deny each and every allegation contained in this paragraph.

117.   Defendants admit that the Mutual Confidentiality Agreements state, "The Receiving Party shall not take or make copies of the Confidential Information or any of it, or authorize any other person to do so, other than for the purpose of supplying the Confidential Information to any of its Representatives to whom disclosure of such information is permitted under the terms of this Agreement. If at any time the Disclosing Party, in its sole discretion, so requests in writing, then the Receiving Party will promptly deliver to the Disclosing Party all original Confidential Information with respect to the relevant Proposed Transaction and promptly deliver to the Disclosing Party or destroy all copies, reproductions, summaries, compilations, analyses and extracts thereof or based thereon in the possession of the Receiving Party or its Representatives, whether maintained in written form or in any electronic or computerized format, and certify to the Disclosing Party that all such originals have been delivered to the Disclosing Party and that such destruction has occurred." Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

118.   Defendants deny each and every allegation contained in this paragraph.

119.   Defendants deny each and every allegation contained in this paragraph.

120.   Defendants deny each and every allegation contained in this paragraph.

121.   Defendants deny each and every allegation contained in this paragraph.

122.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

123.   Defendants admit that Bartlett entered into Exhibit A with MG on or about October 27, 2019. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

124.   Defendants deny each and every allegation contained in this paragraph.

125.   Defendants admit that the Bartlett-MG Website Development Agreement states, "If any dispute arises under the terms of this Agreement, the parties agree to select a mutually agreeable neutral third party to help them mediate such. If mediation is unsuccessful, the Parties agree that any dispute shall be in all respects construed in accordance with and governed by the laws of the State of California without regard to conflict of law principles. Costs and fees (including attorneys' fees) associated with the mediation or arbitration shall be responsibility of each individual party."  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

126.   Defendants deny each and every allegation contained in this paragraph.

127.   Defendants deny each and every allegation contained in this paragraph.

128.   Defendants deny each and every allegation contained in this paragraph.

129.   Defendants admit that the Bartlett-MG Website Development Agreement states, "Entire Agreement; Modification. This Agreement sets forth the entire agreement and understanding of the parties hereto concerning the subject matter hereof, and, except as otherwise specifically provided below, supersedes all

prior and contemporaneous correspondence, agreements, arrangements and understandings, both oral and written, between the parties hereto concerning the subject matter hereof. No modification hereof shall be binding upon the parties hereto except by written instrument duly executed by such parties or their duly authorized representatives." Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

130. Defendants deny each and every allegation contained in this paragraph.

131. Defendants deny each and every allegation contained in this paragraph.

132. Defendants admit that the Bartlett-MG Website Development Agreement contains a section entitled "Confidential Information." Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

133. Defendants deny each and every allegation contained in this paragraph.

134. Defendants deny each and every allegation contained in this paragraph.

135. Defendants deny each and every allegation contained in this paragraph.

136. Defendants deny each and every allegation contained in this paragraph.

137. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

138. Defendants admit that COY entered into Exhibit N with MG on or about August 6, 2020, and that there are differences between Exhibit N and Exhibit A. Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

139.   Defendants deny each and every allegation contained in this paragraph.

140.   Defendants admit that the COY-MG Website Development Agreement states, "If any dispute arises under the terms of this Agreement, the parties agree to select a mutually agreeable neutral third party to help them mediate such. If mediation is unsuccessful, the Parties agree that any dispute shall be in all respects construed in accordance with and governed by the laws of the State of Florida without regard to conflict of law principles. Costs and fees (including attorneys' fees) associated with the mediation or arbitration shall be responsibility of each individual party."  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

141.   Defendants deny each and every allegation contained in this paragraph.

142.   Defendants deny each and every allegation contained in this paragraph.

143.   Defendants deny each and every allegation contained in this paragraph.

144.   Defendants deny each and every allegation contained in this paragraph.

145.   Defendants admit that the COY-MG Website Development Agreement contains a section entitled "Confidential Information."  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

146.   Defendants deny each and every allegation contained in this paragraph.

147.   Defendants deny each and every allegation contained in this paragraph.

148.   Defendants deny each and every allegation contained in this paragraph.

16

1    149.   Defendants are without sufficient knowledge or information to form a

2  belief as to the truth of the allegations contained in this paragraph.

3    150.   Defendants deny each and every allegation contained in this

4  paragraph.

5    151.   Defendants deny each and every allegation contained in this

6  paragraph.

7    152.   Defendants admit that Bartlett entered into a Website Development

8  Agreement with MG on or about October 27, 2019.  Except as so admitted,

9  Defendants deny each and every allegation contained in this paragraph.

10    153.   Defendants admit that Bartlett entered into a Mutual Confidentiality

11  Agreement with MG on or about May 21, 2020.  Except as so admitted,

12  Defendants deny each and every allegation contained in this paragraph.

13    154.   Defendants deny each and every allegation contained in this

14  paragraph.

15    155.   Defendants deny each and every allegation contained in this

16  paragraph.

17    156.   Defendants deny each and every allegation contained in this

18  paragraph.

19    157.   Defendants deny each and every allegation contained in this

20  paragraph.

21    158.   Defendants deny each and every allegation contained in this

22  paragraph.

23    159.   Defendants deny each and every allegation contained in this

24  paragraph.

25    160.   Defendants deny each and every allegation contained in this

26  paragraph.

27    161.   Defendants deny each and every allegation contained in this

28  paragraph.

162.   Defendants deny each and every allegation contained in this paragraph.

163.   Defendants deny each and every allegation contained in this paragraph.

164.   Defendants deny each and every allegation contained in this paragraph.

165.   Defendants deny each and every allegation contained in this paragraph.

166.   Defendants deny each and every allegation contained in this paragraph.

167.   Defendants deny each and every allegation contained in this paragraph.

168.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

169.   Defendants admit that Lewis, Hankins, and Drew entered into Mutual Confidentiality Agreements with MG on or about May 21, 2020.  Except as so admitted, Defendants deny each and every allegation contained in this paragraph.

170.   Defendants deny each and every allegation contained in this paragraph.

171.   Defendants deny each and every allegation contained in this paragraph.

172.   Defendants deny each and every allegation contained in this paragraph.

173.   Defendants deny each and every allegation contained in this paragraph.

174.   Defendants deny each and every allegation contained in this paragraph.

175.   Defendants deny each and every allegation contained in this paragraph.

176.   Defendants deny each and every allegation contained in this paragraph.

177.   Defendants deny each and every allegation contained in this paragraph.

178.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

179.   Defendants deny each and every allegation contained in this paragraph.

180.   Defendants deny each and every allegation contained in this paragraph.

181.   Defendants deny each and every allegation contained in this paragraph.

182.   Defendants deny each and every allegation contained in this paragraph.

183.   Defendants deny each and every allegation contained in this paragraph.

184.   Defendants deny each and every allegation contained in this paragraph.

185.   Defendants deny each and every allegation contained in this paragraph.

186.   Defendants deny each and every allegation contained in this paragraph.

187.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

188.   Defendants deny each and every allegation contained in this paragraph.

189.   Defendants deny each and every allegation contained in this paragraph.

190.   Defendants deny each and every allegation contained in this paragraph.

191.   Defendants deny each and every allegation contained in this paragraph.

192.   Defendants deny each and every allegation contained in this paragraph.

193.   Defendants deny each and every allegation contained in this paragraph.

194.   Defendants deny each and every allegation contained in this paragraph.

195.   Defendants deny each and every allegation contained in this paragraph.

196.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

197.   Defendants deny each and every allegation contained in this paragraph.

198.   Defendants deny each and every allegation contained in this paragraph.

199.   Defendants deny each and every allegation contained in this paragraph.

200.   Defendants deny each and every allegation contained in this paragraph.

201.   Defendants deny each and every allegation contained in this paragraph.

202.   Defendants deny each and every allegation contained in this paragraph.

203.    Defendants deny each and every allegation contained in this paragraph.

204.    Defendants deny each and every allegation contained in this paragraph.

205.    Defendants deny all prayers for relief in the Third Amended Complaint.

## **Affirmative Defenses**

As separate and distinct affirmative defenses, Defendants assert and allege as follows:

## **First Affirmative Defense**

## **(Failure to State a Claim Upon Which Relief May Be Granted)**

206.    The causes of action are barred, in whole or in part, in that they fail to state a claim upon which relief may be granted.

## **Second Affirmative Defense**

## **(Accord and Satisfaction)**

207.    The causes of action are barred by the doctrine of accord and satisfaction because a new agreement was substituted for the preexisting agreements alleged in the Complaint.

## **Third Affirmative Defense**

## **(Novation)**

208.    The causes of action are barred by the doctrine of novation because a new agreement was substituted for the preexisting agreements alleged in the Complaint.

## **Fourth Affirmative Defense**

## **(Modification of Contract)**

209.    The causes of action are barred because the agreement alleged in the Complaint was modified.

## Fifth Affirmative Defense

## (Impossibility)

210.   The causes of action are barred because performance was impossible.

## Sixth Affirmative Defense

## (Impracticality)

211.   The causes of action are barred because performance was impractical due to excessive and unreasonable difficulty or expense.

## Seventh Affirmative Defense

## (Prevention of Performance)

212.   The causes of action are barred because performance was prevented for reasons outside Defendants' control and/or within the control of Plaintiff.

## Eighth Affirmative Defense

## (Unclean Hands)

213.   The causes of action are barred, in whole or in part, by the doctrine of unclean hands.

## Ninth Affirmative Defense

## (Laches)

214.   The causes of action are barred, in whole or in part, by the doctrine of laches.

## Tenth Affirmative Defense

## (Waiver)

215.   The causes of action are barred, in whole or in part, by the doctrine of waiver.

## Eleventh Affirmative Defense

## (Estoppel)

216.   The causes of action are barred, in whole or in part, by the doctrine of estoppel.

## **Twelfth Affirmative Defense**

### **(Failure to Mitigate)**

217.    Recovery is barred or diminished, in whole or in part, by reason of Plaintiff's failure to mitigate its alleged damages.

## **Thirteenth Affirmative Defense**

### **(Intervening Acts)**

218.    The causes of action are barred, in whole or in part, because the damages, if any, were caused by independent, intervening, and/or superseding events.

## **Fourteenth Affirmative Defense**

### **(Offset)**

219.    The causes of action should be offset, in whole or in part, because the damages caused to Defendants by Plaintiff.

## **Fifteenth Affirmative Defense**

### **(Consent)**

220.    The causes of action are barred, in whole or in part, by consent.

## **Sixteenth Affirmative Defense**

### **(Ratification)**

221.    The causes of action are barred by reason of Plaintiff's ratification of the actions complained of in the Complaint.

## **Seventeenth Affirmative Defense**

### **(Fraud)**

222.    The causes of action are barred because the contract, or non-termination thereof, were procured by fraud.

## **Eighteenth Affirmative Defense**

### **(Statutes of Limitations and Repose)**

223.    The causes of action are time-barred, in whole or in part, by applicable statutes of limitations, repose, or other rule or law.

## Nineteenth Affirmative Defense

## (Comparative Fault)

224.   The causes of action are barred, in whole or in part, because of the doctrine of comparative liability.

## Twentieth Affirmative Defense

## (Release)

225.   The causes of action are barred, in whole or in part, because of Plaintiff's release.

## Twenty-First Affirmative Defense

## (Mistake of Fact or Law)

226.   The causes of action are barred, in whole or in part, because of the doctrines of mistake of fact and/or mistake of law.

## Twenty-Second Affirmative Defense

## (Independent Development)

227.   The causes of action are barred, in whole or in part, because the information was independently developed.

## Twenty-Third Affirmative Defense

## (Information Was Readily Ascertainable)

228.   The causes of action are barred, in whole or in part, because the information was readily ascertainable by proper means.

## Twenty-Fourth Affirmative Defense

## (Preemption)

229.   The causes of action are barred, in whole or in part, by one or more of the various doctrines of preemption or displacement.

## Twenty-Fifth Affirmative Defense

## (Unjust Enrichment)

230.   The causes of action are barred, in whole or in part, because of the doctrine of unjust enrichment.

### Twenty-Sixth Affirmative Defense

### (Eventual Defenses Incorporated by Reference)

231.   Defendants hereby adopt and incorporate herein by this reference any and all other affirmative defenses they may eventually assert in this proceeding. Defendants reserve the right to assert additional defenses that may be discovered in the course of these proceedings.  Defendants further reserve the right to assert additional defenses and claims.

### Jury Trial Demand

Defendant demands trial by jury on all aspects of the case so triable.

### Prayer

WHEREFORE, Defendants pray as follows:

A.    That Plaintiff take nothing by reason of its complaint;

B.    That judgment be rendered in favor of Defendants;

C.    That Defendants be awarded their costs of suit, including attorneys' fees, incurred in this action; and

D.    For such other relief as the Court deems proper.

Respectfully submitted,

Dated: April 20, 2022          BAILEY DUQUETTE P.C.

By: _ /s/ Darin T. Beffa_____

Darin T. Beffa

Counsel for Defendants and Counterclaimants The Coy Collective, Inc., Jessica Bartlett, Corey Lewis, Robert Hankins, and Thomas Drew