**NOTE: CHANGES MADE BY THE COURT**

COLIN H. ROLFS (State Bar No. 280654)
crolfs@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendants and Counterclaimants
THE COY COLLECTIVE, INC, JESSICA BARTLETT, COREY LEWIS, ROBERT HANKINS, and THOMAS DREW

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCCANDLESS GROUP, LLC, a Florida Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>THE COY COLLECTIVE, INC., *et. al*,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS. | Case No.: 2:21-cv-02069<br><br>Hon. Karen E. Scott<br><br>**JOINT STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Plaintiff and counter-defendants, McCandless Group, LLC and Nicholas McCandless, on the one hand, and Defendants/Counter-claimants, The Coy Collective, Thomas Drew, Robert Hankins, Jessica Bartlett, Corey Lewis, on the other hand, through their respective counsel, acknowledge that the discovery and pre-trial phase of this action may involve disclosure of trade secrets and/or other confidential and proprietary business, technical, or financial information. Therefore, the parties hereby stipulate that the Court may enter the following Order pursuant to Fed. R. Civ. P. 26(c).

## 1. **DEFINITIONS**

1.1   As used herein, the term "Confidential Information" shall mean: (a) any oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information (as referred to in Fed. R. Civ. P. 26(c)(1)(G) which the designating party reasonably believes needs to be protected from disclosure for competitive business reasons; (b) in which the party or any third party has a privacy interest; or (c) is subject to protection from disclosure, or limitation upon disclosure, under applicable law or court order.  Confidential Information may be designated "CONFIDENTIAL" in compliance with this Protective Order.

1.2   As used herein, the term "Highly Confidential Information" means Confidential Information: (i) that is of a highly commercially sensitive nature, such as that reflecting, containing, or derived from current confidential trade secret, research, development, pricing, production, cost, marketing or customer information, including CONFIDENTIAL INFORMATION; (ii) the disclosure of which information to an opposing party would cause serious injury or damage to the producing party; and (iii) such information is not information that the designating party contends or may contend in this action was misappropriated, improperly shared or disclosed, or otherwise the subject of wrongdoing by any opposing party.  Highly Confidential Information may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in compliance with this Protective Order.

1.3   Only the specific Highly Confidential Information meeting all requirements set forth in Paragraph 1.2 may be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  A document or page may be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in its entirety only if all information in such document or page meets all requirements set forth in Paragraph 1.2.  If a document or page consists of some information meeting all requirements set forth in Paragraph 1.2 and other information that does not, then the designating party shall identify the specific information it contends meet all such

requirements by: (1) producing one copy of such document or page with only such information designated with particularity as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; and (2) producing a second copy of such document or page, with only the information so designated redacted, so that the second copy can be disclosed to the parties to this action with such redactions.

1.4     As used herein, the term "DOCUMENT," whether singular or plural, means and includes all "writings" and "recordings" within the meaning of Federal Rule of Evidence 1001.

1.5     The term "ATTORNEYS" means all counsel of record throughout the litigation, outside counsel, and other attorneys, paralegals, secretaries, and support staff employed in the office of any counsel of record or outside counsel.

## 2     DESIGNATION OF CONFIDENTIAL INFORMATION: CHALLENGES TO DESIGNATIONS

2.2     This PROTECTIVE ORDER applies to all discovery responses, documents, testimony, and other information or materials containing Confidential Information disclosed in this action that are designated by a party or third party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.3     Any party or third party responding to discovery in this action shall have the right to designate any document, testimony, or other information or material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, if the party has a good-faith belief that the material satisfies the definition of Confidential Information or Highly Confidential Information, as applicable, herein.

2.4     Such designation shall be accomplished by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on every page of each document or portion thereof so designated. In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate notation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.

Such designation is deemed to apply to the document itself and to the Confidential Information contained therein.  Designation may also be accomplished by a writing, including a letter or email, stating or identifying with reasonable particularity the documents or set of documents that the producing party deems to be CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

2.5   Confidential Information so designated shall be used only for the purposes of this litigation and (a) may not be used by any party to whom or which that information is produced or disclosed for any other purpose; (b) shall not be disclosed to anyone other than those persons identified in the applicable parts of Paragraph 4, *infra*, except as may be ordered by the Court or agreed to in writing by the parties; and (c) if used by a party to whom or which it has been produced or disclosed as part of a paper filed or lodged with the Court, the party using it shall adhere to Local Rule 79-5.2.2.

2.6   These obligations of confidentiality and nondisclosure shall bind the parties through all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand, and shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the parties to this action stipulate that designated Confidential Information can be disclosed.  **The trial judge will determine how to handle Confidential Information for purposes of trial.**

2.7   A party that disputes the propriety of a designation may challenge such designation any time after the materials are so designated, pursuant to the procedures of Local Rules 37-1 through 37-4.  If the dispute cannot be resolved, after complying with the meet and confer obligations set forth in the Local Rules, the parties shall submit their dispute to the Court in accordance with Local Rule 37-2, in which case the burden of proving that material has been properly designated shall be on the party making such designation. Pending such application and ruling, the receiving party shall treat such material as Confidential Information or Highly Confidential Information, as applicable, under this PROTECTIVE ORDER.  Unless a prompt

challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the arbitration, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### 3  DEPOSITIONS

3.2   When designated Confidential Information is supplied to a deponent, or when the deponent's testimony contains, reflects, or comments on designated Confidential Information, the deposition reporter and/or video operator shall be informed of this PROTECTIVE ORDER by the party or third party seeking to invoke its protection. The reporter and/or video operator then shall place on the cover of any deposition transcript or video that contains any designated Confidential Information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER." ATTORNEYS for the parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from being disclosed to any person, except as provided in this PROTECTIVE ORDER.

3.3   Testimony at a deposition may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if this PROTECTIVE ORDER is invoked at the deposition by ATTORNEYS for a party or third party or the deponent, or within thirty (30) days after receiving a copy of the deposition transcript.

3.4   Each deponent (other than a person identified in Paragraph 4) to whom any party or third party proposes to disclose designated Confidential Information at a deposition shall be given a copy of this PROTECTIVE ORDER and the parties shall take all reasonable steps to have the deponent abide by its contents.

3.5   If designated Confidential Information is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from

the room any person who is not entitled to receive such Confidential Information during that portion of the deposition in which the Confidential Information is discussed or disclosed.

**4    DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION**

4.1    Access to Confidential Information designated as CONFIDENTIAL shall be limited to the following persons:

4.1.1    ATTORNEYS for the parties and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

4.1.2    Technical personnel of the parties with whom ATTORNEYS for the parties find it necessary to consult in preparation for trial of this action.

4.1.3    Bona fide experts and/or consultants (together with their support staff) retained by ATTORNEYS of record on behalf of the parties for purposes of this litigation.

4.1.4    Pursuant to Paragraphs 3.1 through 3.4, *supra*, deponents at their depositions.

4.1.5    Court reporters and videographers employed in this litigation.

4.1.6    The parties to this action, as well as current officers, directors, and employees of the parties to this action that are corporate entities.

4.1.7    The Court and its staff and mediators used in settlement proceedings in this action and their staff.

4.1.8    Any person that ATTORNEYS reasonably believe has previously had access to such Confidential Information or may have information relating to such Confidential Information relevant to the issues in this litigation.

4.2    Access to Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be limited to the following

persons:

    4.2.1    ATTORNEYS for the parties and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

    4.2.2    Bona fide experts and/or consultants (together with their clerical staff) retained by ATTORNEYS of record on behalf of the parties for purposes of this litigation.

    4.2.3    Pursuant to Paragraphs 3.1 through 3.4, *supra*, deponents at their depositions. ATTORNEYS should have a good faith belief that such disclosure is reasonably necessary before disclosing designated Highly Confidential Information to the deponent.

    4.2.4    Court reporters and videographers employed in this litigation.

    4.2.5    The Court and its staff, mediators used in settlement proceedings in this action and their staff, and members of a jury impaneled for a trial in this action.

    4.2.6    Any person that COUNSEL reasonably believes has previously had access to such Highly Confidential Information.

4.3    Each person referred to in paragraphs 4.1.3, 4.1.8, and 4.2.2 to whom Confidential Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and a copy of the declaration shall be maintained by ATTORNEYS for the party making such disclosure.

**5**    **CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION**

5.1    Confidential Information designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in the custody of ATTORNEYS for the parties, except for information in the custody of: (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this PROTECTIVE ORDER, to the extent necessary for their study, analysis, and preparation of the case. Except for the Court, a person with custody of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall maintain it in a manner that limits access to it to only those persons entitled under this PROTECTIVE ORDER to examine it.

   5.2 Should any document or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this PROTECTIVE ORDER, then the disclosing party or third party shall (a) use its best efforts to bind such person to the terms of this PROTECTIVE ORDER, and (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party or third party that or who designated the document. **This paragraph does not apply to the Court and its staff.**

   5.3 If timely corrected, an inadvertent failure to designate qualified information or items as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not, standing alone, waive the designating party's right to secure protection under this Order for such material.  If material is appropriately designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Good faith disclosure of such material by any designating party prior to such later designation, however, shall not be deemed a violation of the provisions of this Order.

5.4   Inadvertent production of any document in the course of this action—whether designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or not designated at all—that a producing party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  The producing party may request, in writing, the return of any Inadvertently Produced Privileged Document.  A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production.  If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or non-party, such other party shall within five (5) business days return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and destroy any electronic copies thereof.

5.5   Unless ATTORNEYS agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement or final, non- appealable decision of the Court, the parties, ATTORNEYS for the parties, and all other persons **(excepting the Court and its staff)** who are in possession of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall destroy or return to the producing party or third party all hard copy documents, other than attorney work product, containing designated Confidential Information; and delete all electronically stored documents, other than attorney client-communications, attorney work product and communications between counsel of record (excluding document productions transmitted between counsel), containing designated Confidential Information; notwithstanding the foregoing (a) the parties shall not have any obligation to ensure the destruction of any copies of electronically-stored Confidential Information made by the automatic processes of their computer

systems, such as copies that may reside on their servers and/or backup tapes; (b) counsel of record and each party may retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases; and (c) nothing in this paragraph shall be construed to require any party to return or destroy attorney client privileged communications, whether from or to outside or in-house counsel, attorney work product or communications between counsel of record (excluding document productions transmitted between counsel).

## 6   MISCELLANEOUS PROVISIONS

6.1   No party to this action, by acquiescing in any other party's designation of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall be deemed to have admitted or agreed that any such material is, in fact, a trade secret or otherwise confidential.

6.2   The Court retains jurisdiction **for one year** after termination of this action to enforce this PROTECTIVE ORDER and to make such deletions from or amendments, modifications, and additions to the PROTECTIVE ORDER that the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this PROTECTIVE ORDER or seeking further protection against disclosure or use of claimed Confidential Information.

6.3   The terms of this PROTECTIVE ORDER do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  Nothing contained herein shall restrict any party from introducing designated Confidential Information as evidence at trial. A party may seek a protective order prior to trial with respect to testimony containing designated Confidential Information that may be offered at trial or specific documents containing designated Confidential Information that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information.

6.4   In general, court **filings** are available to the public. To the extent that a party refers to or relies upon material that is filed under seal in its pleadings, the

pleadings must request that specific information be kept confidential. Absent the granting of such advance request, the Court may incorporate all evidence in its written and oral rulings. **Requests to file documents under seal must comply with the Local Rules.**

6.5     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

6.6     Nothing in this PROTECTIVE ORDER abridges the right of any person to seek its modification by the court in the future.

6.7     By stipulating to the entry of this PROTECTIVE ORDER, no party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this PROTECTIVE ORDER.

**7     GOOD CAUSE STATEMENT**

Pursuant to Fed. R. Civ. P. 26(c), good cause exists for entry of this PROTECTIVE ORDER because the parties to this action: (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, (a) information concerning the amounts paid under and other terms in confidential contracts entered into by the parties with third parties, and the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would harm the parties if such terms were disclosed to their competitor, (b) other information that constitutes proprietary information, confidential business information, information that a party or third party may need, for any business, employment or competitive purposes, to be protected from disclosure, (c) trade secrets, and/or information in which a party or any third party has a privacy interest, and (d) information that is subject to protection from disclosure, or limitation upon

disclosure, under applicable law; (2) believe that unrestricted disclosure or dissemination of such Confidential Information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and thereby help ensure its continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

     IT IS SO STIPULATED.

DATED: January 5, 2023   GERARD FOX LAW P.C.

           By:*/s/ Gerard P. Fox*
             GERARD P. FOX

           *Attorneys for Plaintiff/Counter-Defendants McCandless Group, LLC and Nicholas McCandless*

DATED: January 6, 2023   MILLER BARONDESS, LLP

           By: */s/ Colin H. Rolfs*
             Colin H. Rolfs

           *Attorneys for Defendants/Counterclaimants*
           The Coy Collective, Thomas Drew,
           Robert Hankins, Jessica Bartlett, Corey Lewis

**Attestation Regarding Signatures**

The undersigned attests that all signatories listed and on whose behalf this filing is submitted concur in the filing's content and have authorized its filing.

DATED: January 6, 2023    MILLER BARONDESS, LLP

By: */s/ Colin H. Rolfs*
   Colin H. Rolfs

*Attorneys for Defendants/Counterclaimants*
The Coy Collective, Thomas Drew,
Robert Hankins, Jessica Bartlett, Corey Lewis

**IT IS SO ORDERED.**

Dated: January 6, 2023

_____
Hon. Karen E. Scott
United States Magistrate Judge

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| McCandless Group, LLC, a Florida Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>The Coy Collective, Inc., *et. al*,<br><br>　　　　Defendants.<br>And related Cross-Claims. | Case No.: 2:21-cv-02069<br><br>Hon. Karen E. Scott<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare and say that:

　　1. I have read the Stipulated Protective Order (the "Order") entered in _____ and have received a copy of the Order.

　　2. I promise that I will use any and all "Confidential" or "Highly Confidential – For ATTORNEYS' EYES Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist ATTORNEYS in the litigation of this matter.

3. I promise that I will not disclose or discuss such "Confidential" or "Highly Confidential – For ATTORNEYS' EYES Only" information with anyone other than the persons described in paragraph 4 of the Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to the enforcement of the Order.

5. I understand that any disclosure or use of "Confidential" or "Highly Confidential – For ATTORNEYS' EYES Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

6. I will return all "Confidential" or "Highly Confidential – For ATTORNEYS' EYES Only" materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said materials or any information contained within "Confidential" or "Highly Confidential – For ATTORNEYS' EYES Only" materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____         _____
                                                              Signature